IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:20cr34-MHT |
| | ) | (WO) |
| JAMIE JOSUHNTA RYANS | ) | |

ORDER

This cause is before the court on defendant Jamie Josuhnta Ryans's motion to continue trial.  For the reasons set forth below, the court finds that jury selection and trial, now set for December 7, 2020, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

      which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

    The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and defendant Ryans in a speedy trial. The government states that new charges against Ryans are forthcoming, which are similar to the charge in this case. A continuance is necessary because

2

defense counsel needs time to review information on the new charges with Ryans, and to give the parties time to explore a possible package resolution of some or all of the charges. Furthermore, the government does not oppose the request.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Jamie Josuhnta Ryans's unopposed motion to continue trial (doc. no. 84) is granted.

(2) The jury selection and trial, now set for December 7, 2020, are reset for March 15, 2021, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

(3) The motion to amend scheduling order (doc. no. 84) is left pending for the United States Magistrate Judge. The magistrate judge is to hold another pretrial.

DONE, this the 21st day of October, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE