IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **CRIMINAL ACTION NO.** |
| v. ) | **2:20cr34-MHT** |
| ) | **(WO)** |
| **JAMIE JOSUHNTA RYANS** ) | |

## ORDER

This cause is before the court on defendant Jamie Josuhnta Ryans's motion to continue trial. Based on the representations made on the record on May 10, 2021, and for the reasons set forth below, the court finds that jury selection and trial, now set for June 7, 2021, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within

> seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."    § 3161(h)(7)(A).     In  granting  such  a continuance,  the  court  may  consider,  among  other factors, whether the failure to grant the continuance "would  be  likely  to  ...  result  in  a  miscarriage  of justice," § 3161(h)(7)(B)(i), or "would deny counsel for  the  defendant  or  the  attorney  for  the  Government reasonable  time  necessary  for  effective  preparation, taking  into  account  the  exercise  of  due  diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and defendant Ryans in a speedy trial.   As  shown  during  the  ex  parte  hearing  on  the

record on May 10, 2021, counsel for Ryans needs additional time to investigate issues that are necessary to provide competent representation. Furthermore, the government does not oppose the request.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Jamie Josuhnta Ryans's motion to continue trial (doc. no. 126) is granted.

(2) The jury selection and trial, now set for June 7, 2021, are reset for August 16, 2021, 2021, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

(3) The United States Magistrate Judge shall reset the deadline for filing a notice of change of plea and make any other changes to pretrial deadlines that are necessary as a result of this order.

DONE, this the 11th day of May, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE